## PEOPLE, PLAINTIFF AND APPELLEE, *v.* PETROVICH ET AL., DEFENDANTS AND APPELLANTS.

### APPEAL from the Second District Court of San Juan in a. Prosecution for Burglary.

No. 2089.—Decided February 15, 1924.

BURGLARY—PLEADING—BRIEF.—In this case it is alleged that a complaint for burglary in the second degree does not state an offense. *Held:* That without adequate discussion or citation of authority by the appellant the Supreme Court will not scrutinize with a judicial microscope complaints filed in a municipal court by a policeman or a private citizen, when no substantial injustice appears to have been done.

The facts are stated in the opinion.

Mr. *J. B. Soto* for the appellants.

Mr. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellants were convicted of burglary in the second degree, first in the municipal court and later, after a trial *de novo*, in the district court upon a complaint filed by a district chief of police.

They now insist that the complaint does not state an offense.

The only authority cited in support of this contention is 4 R. C. L. page 432, par. 25, *id.* page 435, par. 27, and 4 Cal. Jurisprudence, page 728, sec. 14, in connection with section 408 of the Penal Code.

Section 408 defines burglary and enumerates the buildings, structures, vessels and vehicles with reference to which the offense may be committed. The text quoted from R. C. L. states the general rule that the ownership of the building must be alleged and that the same should be described "with sufficient certainty to apprise the defendant of the trend of the evidence that will be offered against him, and also that it may appear affirmatively that the building in question was of such a character as to render an entry therein burglarious."

The language of the California compilation is that "the building must be described with such completeness as to inform the defendant of the particular structure he is charged with having entered and to render available a plea of once in jeopardy, and former conviction or acquittal in case he is a second time prosecuted for the same offense."

The complaint specifies the "commercial establishment of F. Alvarez & Hermanos" on a designated street in the village of Río Piedras within the judicial district.

But appellants say the complaint should state whether "Alvarez & Hermanos" is a corporation or a partnership and enumerate the members or stockholders in order to exclude the theory of a propietary interest in appellants. The authorities relied upon, however, do not seem to go the full length of this claim.

There is perhaps more merit in the contention that the words "commercial establishment" do not show "affirmatively that the building in question was of such a character as to render an entry therein burglarious."

But, as we have repeatedly pointed out, we can not undertake the independent investigation of more or less doubtful questions submitted by an appellant without adequate discussion or citation of authority. Especially is this true in a case of this kind, in view of the equally well established rule that this court will not scrutinize with a judicial microscope complaints filed in the municipal court by a policeman or a private citizen, when no substantial injustice appears to have been done.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.